# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARBA CREDIT INVESTORS, III, L.P.** | * | |
| | * | **CIVIL ACTION NO.** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE** |
| **CROSBY MARINE** | * | |
| **TRANSPORTATION, L.L.C.; CROSBY** | * | |
| **MARINE REPAIRS, L.L.C.** and | * | |
| **CROSBY ENTERPRISES, L.L.C.,** *in* | * | **MAGISTRATE JUDGE** |
| *personam*; | * | |
| and the following documented vessels, | * | |
| with their engines, machinery, | * | |
| equipment, fixtures, appurtenances, etc., | * | |
| *in rem*: CROSBY RELIANT, Official | * | |
| Number 1218724; CROSBY | * | |
| INTEGRITY, Official Number 1120509; | * | |
| and CROSBY 301, Official Number | * | |
| 1255025 | * | |
| | * | |
| *Defendants* | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## <u>VERIFIED COMPLAINT</u>

The verified complaint of Plaintiff, Arba Credit Investors III, L.P. ("Plaintiff"), a Delaware

and Pennsylvania limited partnership, through undersigned counsel, respectfully states:

## PARTIES

### I.

At all times herein mentioned, Plaintiff was and still is a limited partnership formed under the laws of the State of Delaware. The general partner of Plaintiff is a citizen of the State of Pennsylvania.

### II.

Named herein as defendants *in personam* are:

A.    Crosby Marine Transportation, L.L.C. ("CMT"), a Louisiana limited liability company;

B.    Crosby Marine Repairs, L.L.C. ("CMR"), a Louisiana limited liability company; and

C.    Crosby Enterprises, L.L.C. ("Enterprises," and together with CMR and CMT, the "Defendants"), a Louisiana limited liability company.

### III.

Also named herein as defendants *in rem* (collectively, the "Documented Vessels"), with their engines, machinery, equipment, fixtures, electronics, navigational electronics and devices, appurtenances, etc., are:

A.    The vessel **CROSBY RELIANT**, a documented vessel bearing Official Number 1218724;

B.    The vessel **CROSBY INTEGRITY**, a documented vessel bearing Official Number 1120509; and

C.    The vessel **CROSBY 301**, a documented vessel bearing Official Number 1255025.

## JURISDICTION AND VENUE

### IV.

This action seeks (a) enforcement of a certain preferred ship mortgage and other security

2

interests in the Documented Vessels and in other collateral granted to Plaintiff by the Defendants, including accounts, inventory, equipment, general intangibles, books and records, products and proceeds of collateral as described in the Loan Agreement (as defined herein), and of related civil and maritime contractual rights in favor of Plaintiff and against the Documented Vessels, *in rem,* and against the Defendants, *in personam*; and (b) a money judgment on the related obligations owed by the Defendants to Plaintiff under the Loan Agreement and Guaranty (as defined below) (the "Obligations"). This action falls within this Court's admiralty and maritime subject matter jurisdiction within the meaning of 28 U.S.C. § 1333 and 46 U.S.C. § 31301, *et seq.,* as hereinafter fully appears, and is *inter alia* an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. In addition, any claims which do not fall within this Court's admiralty and maritime subject matter jurisdiction are within this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Venue is proper in the Eastern District of Louisiana, in that the *in personam* defendants are located in this district and the *in rem* defendants, the Documented Vessels are presently located or will be located here during the pendency of this action.

V.

At all times herein mentioned, CMT was and still is the owner, and in possession and control, of the Documented Vessels.

VI.

The Documented Vessels are now or will be during the pendency of this action located within this Eastern District of Louisiana.

3

## PLAINTIFF'S CLAIMS AGAINST DEFENDANTS
## AND DOCUMENTED VESSELS

### VII.

On or about December 29, 2022, CMT and CMR duly executed and delivered to Truist Equipment Finance Corp ("TEFC") a Promissory Note, dated December 29, 2022  (the "Note"); and CMT and CMR, as borrowers, and Enterprises, as guarantor, duly executed and delivered to TEFC that certain Loan Agreement (#27813-70002) (the "Loan Agreement"), dated December 29, 2022.

### VIII.

To secure the Obligations of CMT and CMR, Enterprises (the "Guarantor") duly executed and delivered to TEFC a commercial guaranty, dated December 29, 2022 (the "Guaranty").

### IX.

Pursuant to the Note and Loan Agreement, TEFC extended to CMT and CMR, as co-borrowers, a term loan in the maximum amount of $13,750,000.00 (the "Loan").

### X.

The repayment of the Loan by the Defendants to TEFC was further secured by, among other things, that certain *Preferred Fleet Mortgage* (hereinafter, the "Fleet Mortgage") dated effective December 29, 2022, granted by CMT, as mortgagor, in favor of TEFC, as mortgagee and lender, and encumbering and covering 100% of the Documented Vessels, with related items as further described therein. The Fleet Mortgage was recorded with the U.S. Coast Guard, National Vessel Documentation Center, on December 30, 2022 in Book/Batch No. 114661500, Page/Document Id. No. 2, in substantial compliance with 46 U.S.C. § 31321.

XI.

At the time CMT executed the Fleet Mortgage, the Documented Vessels mortgaged therein were documented under the laws of the United States of America and flagged as U.S. vessels. The Documented Vessels remain as of this date U.S. flagged vessels documented and registered under the laws of the United States.

XII.

Under the terms of the Loan Agreement and to further secure the payment in full of the Loan to TEFC, CMT granted security interests or liens, pursuant to the Uniform Commercial Code or other applicable law, in the Documented Vessels and other "Collateral" as described in the Loan Agreement. The security interest and liens granted by CMT to TEFC in the Loan Agreement were perfected by the filing of a UCC-1 Financing Statement relating to the Documented Vessels and other collateral described therein, including but not limited to any products and proceeds thereof, filed January 9, 2023 as UCC #034081500004, in the office of the Clerk of Court for the Parish of Lafourche of State of Louisiana.

XIII.

The Defendants violated the terms of the Loan Documents on multiple occasions by failing to remit payments of principal, interest and other fees to Lender, which constitute Events of Default as defined in the Loan Documents. As a result, TEFC issued Notices of Default and Acceleration to Defendants on January 31, 2024.

XIV.

Subject to Defendants' written acknowledgement of the Events of Default under the Loan Documents and Defendants' agreement to provide additional consideration, TEFC granted certain accommodations to Defendants as stated in that certain: Forbearance Agreement, dated

5

September 1, 2023; Standstill Agreement, dated April 1, 2024; and Second Standstill Agreement, dated July 23, 2024.

XV.

Notwithstanding TEFC's accommodations to Defendants, Defendants failed to cure the Events of Default and violated other provisions of the agreements described in Paragraph XIV.

XVI.

Effective on or about March 5, 2025, and for good and valuable consideration, Plaintiff acquired by assignment all rights and interests of TEFC in and to the Loan Documents, including without limitation, the Note, Loan Agreement, Fleet Mortgage and other related documents securing the Loan.

XVII.

The assignment of the Loan Documents by TEFC to Plaintiff was evidenced by an *Assignment of Preferred Fleet Mortgage* (the "Fleet Mortgage Assignment") dated effective March 5, 2025 and executed by TEFC in favor of Plaintiff.

XVIII.

Following execution of the Fleet Mortgage Assignment, Plaintiff extended additional accommodations to Defendants as stated in that certain Third Amended Standstill Agreement, dated April 30, 2025 and Forbearance Agreement, dated July 31, 2025, wherein Defendants acknowledged the continued Events of Default and agreed to pay additional consideration to Plaintiff.

XIX.

Notwithstanding the additional accommodations granted by Plaintiff, Defendants failed to cure the Events of Default and remain in default of their financial covenants under the Note

6

and Section 2.3 of the Loan Agreement, [1] as amended, and other Loan Documents.

XX.

Plaintiff has accelerated the obligations under the Loan Documents and demanded payment in full of the Obligations, including without limitation, all principal, interest, late fees, attorney fees and expenses.

XXI.

The Obligations are secured by, among other things, the above-mentioned Fleet Mortgage by CMT, as mortgagor, in favor of TEFC, as mortgagee, as assigned by that certain Fleet Mortgage Assignment by TEFC to Plaintiff.

XXIII.

The Obligations are further secured by the security interests and liens granted in the above-mentioned Loan Agreement, by the Defendants, as grantors, in favor of Plaintiff, as grantee.

XXIV.

As of December 15, 2025, the Defendants are, separately and together, justly and truly indebted *in solido* to Plaintiff under the Loan Agreement in the full and true principal sum of $11,054,089.01, plus accrued interest through the date of this filing in the sum of $186,998.35, with additional interest accruing at the rate of $6,448.22 per day, late charges, and reasonable attorneys' fees and collection costs and expenses incurred by Plaintiff.

XXV.

According to Article 7.1 of the Loan Agreement, the failure by any Borrower of any to pay any installment of principal or interest scheduled under the Note within ten (10) days of the

---

[1]    The Defendants have also defaulted on certain other covenants under the Loan Agreement, as amended, but Plaintiff has determined it is unnecessary to list all such defaults.

date such payment is due constitutes an Event of Default thereunder; further, according to Article 9 of the Fleet Mortgage, the occurrence of one or more Event(s) of Default under the Loan Agreement constitutes an event of default under the Fleet Mortgage; and, since the Fleet Mortgage is in default, Plaintiff is entitled to foreclose on the Fleet Mortgage. Plaintiff is also entitled to foreclose on its security interests granted under the Loan Agreement and perfected by the filing of the UCC Financing Statements.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Arba Credit Investors, III, prays:

1.

That process in due form of law according to the course and practice of this Honorable Court in causes in admiralty and maritime jurisdiction issue to enforce the Fleet Mortgage, against the following Documented Vessels, and their engines, machinery, equipment, fixtures, appurtenances, etc., and all other necessaries thereunto appertaining and belonging, *in rem,* and against Crosby Marine Transportation, L.L.C., Crosby Marine Repairs, L.L.C. and Crosby Enterprises, L.L.C. *in personam,* and that all persons claiming any interest in the Documented Vessel be cited to appear and answer on oath, all and singular, in the matters aforesaid;

A.  The vessel **CROSBY RELIANT**, a documented vessel bearing Official Number 1218724;

B.  The vessel **CROSBY INTEGRITY**, a documented vessel bearing Official Number 1120509; and

C.  The vessel **CROSBY 301**, a documented vessel bearing Official Number 1255025;

2.

That, upon motion by Plaintiff, warrants for the arrest of the Documented Vessels, and their engines, machinery, equipment, fixtures, appurtenances, etc., and any and all additions,

improvements and replacements thereafter made, in or for the Documented Vessels be issued to enforce the Fleet Mortgage, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid and that Plaintiff have judgment against the Documented Vessels for all amounts due and owing to Plaintiff under the Loan Agreement, as amended;

3.

That the Documented Vessels including their engines, machinery, equipment, fixtures, appurtenances, etc., and any and all additions, improvements and replacements thereafter made, in or for the Documented Vessels, be condemned and sold by the United States Marshal to pay the demands and claims aforesaid, with interest, costs and attorney fees, and to pay any and all other amounts required to be paid by CMT and CMR under the Fleet Mortgage and Loan Documents and the Guarantor under the Guaranty, as with interest and costs, that Plaintiff may become a purchaser at any sale of the Documented Vessels, and that the proceeds realized to be paid over to Plaintiff to satisfy its judgment, security interests and liens recognized by this Court in judgment or otherwise in preference and priority to all other claims except *custodia legis* expenses and any preferred maritime liens;

4.

That, at any U.S. Marshal's sale of the Documented Vessels, Plaintiff be allowed to credit bid on the Documented Vessels up to the full aggregate amount of the obligations owed by the Defendants arising under the Loan Documents, subject to their agreement to deposit cash into the registry of the court to satisfy any outstanding *custodia legis* expenses or any preferred maritime liens;

4904-3411-4178, v. 1

5.

That, as security for the repayment of Defendants' obligations owed to Plaintiff, the following Fleet Mortgage, as assigned, be declared to be a valid and subsisting preferred mortgage lien in favor of Plaintiff, and upon the Documented Vessels, their engines, machinery, equipment, fixtures, appurtenances, etc., and any and all additions, improvements and replacements thereafter made, in or for the Documented Vessels in the Fleet Mortgage, described and thereby conveyed and transferred, prior and superior to the interests, liens or claims of any and all persons, firms or corporations whatsoever, except such persons, firms or corporations as may hold preferred maritime liens upon the Documented Vessels;

> That certain *Preferred Fleet Mortgage* dated effective December 29, 2022, granted by Crosby Marine Transportation, L.L.C., as mortgagor, in favor of Truist Equipment Finance Corp, as mortgagee, and encumbering and covering 100% of the documented vessels: CROSBY RELIANT, Official Number 1218724; and CROSBY INTEGRITY, Official Number 1120509; CROSBY 301, Official Number 1255025, with related items as further described therein, and such instrument being recorded with the U.S. Coast Guard, National Vessel Documentation Center, on December 30, 2022 in Book/Batch No. 114661500, Page/Document Id. No. 2;

> As assigned to Plaintiff, Arba Credit Investors III, L.P., by virtue of that certain *Assignment and Assumption of First Preferred Ship Mortgage* dated effective September 5, 2025 and executed by Truist Equipment Finance Corp in favor of Arba Credit Investors III, L.P.

6.

That this Court direct the manner in which actual notice of the commencement of this suit shall be given by Plaintiff to the Master or other ranking officer or caretaker of each of the Documented Vessels, and to any person, firm or corporation who has recorded a notice of claim of an undischarged lien upon any of the Documented Vessels;

7.

That CMT, CMR and Enterprises each be cited to appear and answer on oath, all and singular, the matters aforesaid;

8.

That further judgment be rendered herein in favor of Plaintiff and against the Defendants, on the Note, Loan Agreement, as amended, and Guaranty in the full and true principal sum of $11,054,089.01 as of and through December 15, 2025, plus accrued interest in the sum of $186,998.35, with interest continuing to accrue at the rate of $6,448.22 per day, late charges, and reasonable attorneys' fees and collection costs and expenses incurred by Plaintiff;

9.

That further judgment be rendered herein in favor of Plaintiff and against all Defendants for all costs of these proceedings;

10.

That the proceeds of the sales of the Documented Vessels mentioned in prayer paragraph 1 above be applied to all Obligations owed by the Defendants to Plaintiff;

11.

That, as security for the repayment of all obligations of the Defendants under the Loan Documents, further judgment be rendered herein in favor of Plaintiff and against the Defendants, recognizing, preserving, maintaining and the security interests and liens arising from the Loan Agreement, pursuant to which each Defendant granted in favor of Truist Equipment Finance Corp, pursuant to the Uniform Commercial Code or other applicable law, security interests or liens in the Documented Vessels and other Collateral described in the Loan Agreement, as Amended, and in the Financing Statement books and records, proceeds and products of collateral

and other items therein described, all owned or possessed by the applicable Defendant and which security interests and liens (i) granted by CMT and/or CMR to Plaintiff were perfected by the filing of the following UCC-1 Financing Statement relating to the Documented Vessels and other collateral described therein, including but not limited to any products and proceeds thereof, which was filed on January 9, 2023, as UCC #034081500004, in the office of the Clerk of Court for the Parish of Lafourche of State of Louisiana; and

12.

That Plaintiff may have such other and further relief as the justice of the cause may require.

Filed this 16th day of December, 2025.

Respectfully submitted,

*/s/ Henry A. King*
**HENRY A. KING (#7393)**
**JOHN A. CANGELOSI (#26835)**
**KING & JURGENS, LLC**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
Email: hking@kingjurgens.com
jcangelosi@kingjurgens.com

***Attorneys for Arba Credit Investors III, L.P.***